```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/3/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID SALGADO,                              :

                      Plaintiff,              :           10 Civ. 04604 (PKC) (DF)

   -against-                                  :           **REPORT AND**
                                                                                         **RECOMMENDATION**

C.O. YANG, et al.,                              :

                      Defendants.            :
------------------------------------------------------------X

**TO THE HONORABLE P. KEVIN CASTEL, U.S.D.J.:**

       Based on the failure of plaintiff David Salgado ("Plaintiff") to serve defendants or otherwise prosecute this case, I recommend that this action be dismissed, *sua sponte* and without prejudice, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

       On October 4, 2010, this Court sent Plaintiff a letter (Dkt. 6, a copy of which is attached hereto for reference), informing him of his obligation to serve defendants with process. As set forth more fully in the Court's letter, Plaintiff initiated this action in June 2010, and, prior to serving any defendants, he filed an Amended Complaint on September 16, 2010. According to Court records, on September 24, 2010, the *Pro Se* Office mailed Plaintiff a packet alerting him to his obligation under Rule 4(m) to serve the defendants within 120 days, and enclosing forms necessary for Plaintiff to be able to request that the United States Marshal effect service on all defendants on Plaintiff's behalf. Nevertheless, Plaintiff failed to serve the named defendants.

       In its October 4 letter, this Court informed Plaintiff that it would recommend that his action be dismissed, if, without good cause, he failed to serve Defendants by January 14, 2011. (*See* Dkt. 6.) The Court has no reason to believe that Plaintiff did not receive the October 4 letter. Yet

Plaintiff apparently made no effort to comply with the January 14 deadline. Nor did Plaintiff seek an extension of that deadline.

Rule 4(m) dictates that, where timely service is not made after notice to the plaintiff, the Court may dismiss the action without prejudice. Further, a plaintiff has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "A plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted); *see also Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 667 (2d Cir. 1980) ("a dismissal is justified for [the plaintiff's] failure to prosecute at all"). The Court need not wait for a motion to dismiss, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962), and is not required to provide notice of the dismissal, *see West*, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may even dismiss an action *with* prejudice, where a plaintiff fails to prosecute his case. *Link*, 370 U.S. at 630-31.

In this action, the Court notified Plaintiff of the service requirements of Rule 4(m) and the potential consequences of non-compliance. Nonetheless, it appears that Plaintiff has not taken the elementary steps necessary to pursue his case. Plaintiff has failed to effect service on the defendants or to show good cause why service could not be accomplished. Dismissal of the action is therefore warranted under Rules 4(m) and 41(b).

In the circumstances presented, where a *pro se* plaintiff has failed to effectuate timely service, courts have typically held that dismissal without prejudice is appropriate. *See, e.g., Holton v. City of New York*, 133 F.3d 907 (Table), No. 97-2105, 1998 WL 29825, at *1 (2d Cir.

Jan. 27, 1998); *Grant v. Aurora Loan Servs.*, No. 08 Civ. 100 (NGG), 2008 WL 4326532, at *2 (E.D.N.Y. Sept. 2, 2008); *Powell v. Dep't of Corr.*, No. 00 Civ. 5260 (LAK), 2001 WL 1502551, at *2 (S.D.N.Y. Oct. 29, 2001); *Gorham v. Transit Workers Union of Am.*, No. 98 Civ. 313 (JGK), 1999 WL 163567, at *7 n.4 (S.D.N.Y. Mar. 24, 1999), *aff'd*, 205 F.3d 1322 (2d Cir.), *cert. denied*, 531 U.S. 884 (2000). This would also be consistent with the language of Rule 4(m), which is the Rule most directly relevant to the situation presented here. Therefore, I recommend that this action be dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's claims be DISMISSED without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, and that the case be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, United States Courthouse, 500 Pearl Street, Room 1920, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Castel. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v.*

*Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       March 3, 2011

Respectfully submitted,

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies To:

Hon. P. Kevin Castel, U.S.D.J.

*Pro Se* Office, S.D.N.Y.

Mr. David Salgado
86 West 179th Street, Apt. 42,
Bronx, NY, 10453

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NEW YORK 10007-1581

CHAMBERS OF
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10-5-10

October 4, 2010

Mr. David Salgado
86 West 179th Street, Apt. 42
Bronx, NY 10453

Re:   *Salgado v. C.O. Yang,*
      No. 10 Civ. 04604 (PKC) (DF)

Dear Mr. Salgado:

This case has been referred to me by Judge Castel for general pretrial supervision.

You are required to arrange for prompt service of the Summons and Complaint on the defendants by filling out and forwarding to the U.S. Marshal the forms provided to you by this Court's Pro Se Office.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

**Summons: Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

You filed a Amended Complaint in this action on September 16, 2010. On September 24, 2010, an Amended Summons was issued and forwarded by the Court's *Pro Se* Office together with any necessary forms to permit service of the Amended Complaint to be made upon Defendants. Accordingly, if service is not made upon all defendants named in your amended pleadings by January 14, 2011, and you have not shown good cause for such failure to serve, I will recommend to Judge Castel that the action be dismissed.

2

If you need any assistance with court procedures, contact the Pro Se Office at the United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007. The telephone number for the Pro Se Office is (212) 805-0175. The office does not accept collect calls.

Very truly yours,

*Debra Freeman*
Debra Freeman
United States Magistrate Judge

2